UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

BRYAN WILLIAMS, Individually,                          :
                                                       :
                 Plaintiff,                            :
                                                       :
vs.                                                    :    Case No.
                                                       :
BELT ROCK REALTY LLC, a New York                       :
Limited Liability Company,                             :
                                                       :
                 Defendant.                            :
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, BRYAN WILLIAMS, Individually, on his behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, BELT ROCK REALTY LLC, a New York Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.    Plaintiff, Bryan Williams, is an individual residing in Brooklyn, New York, in the County of Kings.

2.    Defendant's property, Parkway Shopping Center, is located at 2082 Rockaway Parkway, Brooklyn, NY 11236, in the County of Kings.

3.    Venue is properly located in the Eastern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and §2202.

5.      Plaintiff, Bryan Williams is a New York resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. He is significant for residual left hemiparesis, hypertension, hyperthyroidism, and dyslipidemia. Mr. Williams is unable to ambulate and is wheelchair bound.

6.      Bryan Williams has visited the property which forms the basis of this lawsuit on numerous occasions. Mr. Williams resides in Kings County and regularly visits the area near Defendant's shopping center. The subject center is only 3 miles from Plaintiff's home. While visiting the property, the Plaintiff encountered architectural barriers at the subject property, which endangered his safety and impaired Mr. William's ability to park safely at the premises, to access the premises safely, to use restrooms safely, and to access goods and services at the premises.

7.      Mr. William plans to return to the property in the near future.

8.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is a shopping center known as Parkway Shopping Center, and is located at 2082 Rockaway Parkway, Brooklyn, NY 11236, in the County of Kings.

9.      Bryan Williams has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint.

2

Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Bryan Williams desires to visit the Parkway Shopping Center not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Parkway Shopping Center has shown that violations exist. These violations that Mr. Williams has personally encountered include, but are not limited to:

**Parking**

A.     The required number of van accessible parking spaces is not provided, violating Section 4.1.2(5b) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable. This makes it difficult to find the required parking space.

B.     The required number of accessible parking spaces is not provided, violating Section 4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2 of the 2010 ADA Standards, whose resolution is readily achievable. This makes it difficult to find the required parking space.

**Entrance Access and Path of Travel**

C.     The plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

3

D.      The plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily available.

E.      The plaintiff had difficulty entering tenant spaces without assistance, as the door thresholds are too high. Violation: There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

F.      The plaintiff had difficulty using some of the curb ramps, as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

G.      The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

H.      The plaintiff had difficulty on the path of travel at the facility, as there are ramps without compliant handrails, in violation of Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

I.      The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

## DOLLAR TREE

### Entrance Access and Path of Travel

J.      The plaintiff could not traverse through areas of the store, as the required 36" path is not provided due to objects and merchandise that obstruct the path of travel. Violation: There is not a continuous path of travel connecting all essential elements of the store, in violation of Sections 4.2.1 and 4.3.3 of the ADAAG and Sections 36.211 and 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### Access to Goods and Services

K.     The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

### Men's Restroom

L.     The plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating Section 36.211 of the 2010 ADA Standards, whose resolution is readily achievable.

M.     The plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### AUTOZONE

### Entrance Access and Path of Travel

N.     The plaintiff could not traverse through areas of the store, as the required 36" path is not provided due to objects and merchandise that obstruct the path of travel. Violation: There is not a continuous path of travel connecting all essential elements of the store, in violation of Sections 4.2.1 and 4.3.3 of the ADAAG and Sections 36.211 and 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### Access to Goods and Services

O.     The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

### Men's Restroom

P.     The plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating Section 36.211 of the 2010 ADA Standards, whose resolution is readily achievable.

5

Q.    The plaintiff could not transfer to the toilet without assistance, as the grab bars are mounted too high. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

R.    The plaintiff could not use the lavatory without assistance, as a trashcan was located underneath it. Violation: There are lavatories in public restrooms without the required knee/toe clearances provided, in violation of the requirements in Sections 4.19.2 and 36.211 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

S.    The plaintiff had difficulty using the rear grab bar, as the paper towel dispenser is mounted less than 12" above it obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

T.    The plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## Maintenance

U.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.


12.    The foregoing violations also violate the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

13.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have

6

otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

16. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17. Defendant is required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

18.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

19.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Parkway Shopping Center to make the facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make

8

all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

Respectfully submitted,

Dated: August 9, 2017

Keith Harris, Esq. (KH 4604)
BRAFF, HARRIS, SUKONECK & MALOOF
305 Broadway, 7th Floor
New York, NY 10007
Tel. (973) 994-6677
Fax (973) 994-1296
kharris@bhsm-law.com

Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
lfuller@fullerfuller.com

Counsel for Plaintiff Bryan Williams

9